IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARY F. BATTISTE,                   :
                                    :
    Plaintiff,                      :
                                    :
v.                                  :      CIVIL ACTION 06-0800-M
                                    :
MICHAEL J. ASTRUE,[1]               :
Commissioner of                     :
Social Security,                    :
                                    :
    Defendant.                      :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 13). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 19).  Oral argument was waived in this action (Doc. 18).  Upon consideration of the administrative record and the memoranda of the parties, it is

---

[1]Effective February 1, 2007, Michael J. Astrue was confirmed by the Senate to serve as the Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, for Commissioner Jo Anne B. Barnhart as the Defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**ORDERED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** for further administrative action not inconsistent with the Orders of this Court.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

Plaintiff was born February 26, 1964. At the time of the administrative hearing, Battiste was forty-one years old, had completed a high school education (Tr. 398), and had previous work experience as a warranty administrator (Tr. 399). In claiming benefits, Plaintiff alleges disability due to chronic low back pain, degenerative disc syndrome, bipolar disorder, and depressive disorder (Doc. 13 Fact Sheet).

The Plaintiff filed protective applications for disability benefits and SSI on January 6, 2004 (Tr. 66-69, 347-54). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that she can perform her past relevant

work as a warranty administrator (Tr. 33-46).  Plaintiff requested review of the hearing decision (Tr. 31-32) by the Appeals Council, but it was denied (Tr. 6-8).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Battiste alleges that:  (1) The ALJ did not properly consider the opinions and conclusions of her treating physician; (2) she meets the requirements of Listing 12.04A and 12.04B; (3) she is unable to perform a full range of light work; (4) she is unable to perform semi-skilled work; and (5) she cannot perform her past work as a warranty administrator (Doc. 13).  Defendant has responded to—and denies—these claims (Doc. 14).

Plaintiff has claimed that she is unable to perform light work.[2]  Light work has been defined as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that

---

[2]The Court will address this claim, in combination with Plaintiff's claim that she cannot return to her past work, but finds it unnecessary to discuss Plaintiff's other claims in light of the conclusions reached with regard to these two.

>     he or she can also do sedentary work, unless
>     there are additional limiting factors such as
>     loss of fine dexterity or inability to sit
>     for long periods of time.

20 C.F.R. § 404.1567(b) (2006).  The Court notes at the outset that there is not very much medical evidence in this record with regard to this issue.  Nevertheless, what is available is as follows.

A consultative examination was performed by Dr. Howard Rubenstein, a family practitioner, on April 10, 2004 (Tr. 195-98, 252).  The doctor determined the various ranges of motion for Battiste's cervical and lumbar spine, hips, knees, ankles, shoulders, elbows, wrists, and fingers and thumbs and noted full motor strength (Tr. 197).[3]  Rubenstein's diagnosis was "[l]ow back pain, chronic, with degenerative disk syndrome and chronic strain" (Tr. 198).  The doctor went on to state that Plaintiff "could be expected to stand for up to 30 minutes at a time and ambulate up to two city blocks at a time during an eight-hour workday.  She could be expected to sit for a full eight-hour workday with frequent stretching and repositioning needed;" he also stated that "[s]he could be expected to lift up to 15 pounds frequently and up to 20 pounds occasionally"[4] (Tr. 198).

---

[3] The Court sees no need to set out all of the range of motion measurements herein.

[4] Dr. Rubenstein actually stated that Battiste "could be expected to lift up to 20 pounds frequently and up to 15 pounds occasionally" (Tr. 198).  However, because these numbers are internally

The only other residual functional capacity (hereinafter *RFC*) evaluation was completed by a non-examining disability specialist (Tr. 217-24).  The specialist indicated that Plaintiff could occasionally lift 20 pounds, frequently lift ten pounds, and stand at least 2 hours during an eight-hour day workday.

The ALJ found that Plaintiff could perform light work activity and could perform her past relevant work as a warranty administrator as she had described it (Tr. 45).  Plaintiff described her past work as a warranty administrator as requiring that she walk 2.5 hours, stand 2 hours, and sit 4.5 hours per day (Tr. 100).

The Court finds that the ALJ's opinion is not supported by substantial evidence.  First, the ALJ seems to rely on the opinion of the disability specialist in determining Battiste's RFC.[5]  While the RFC completed by the disability specialist may be the most thorough evaluation in the file, the Court notes that the opinion of a nonexamining physician[6] "is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision."  *Swindle v. Sullivan*, 914

---

inconsistent, the Court presumes that the doctor reversed the numbers in error.

[5] The Court is well aware that the ALJ is responsible for determining a claimant's residual functional capacity under 20 C.F.R. § 404.1546 (2006).  However, the Court is responsible for making sure that the ALJ's opinion is supported by substantial evidence.

[6] The Court notes that this opinion was not even rendered by a physician (*see* Tr. 224).

5

F.2d 222, 226 n.3 (11th Cir. 1990) (citing *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985).

Second, Dr. Rubenstein's opinion of Plaintiff's abilities, though incomplete, does not indicate that she can return to her past work.  Specifically, his opinion that she can walk for two blocks and stand for thirty minutes at a time is inconsistent with her statement that her job required her to walk for 2.5 hours and stand for two hours during an eight-hour day.  Rubenstein's opinion also calls into doubt Plaintiff's ability to meet the requirements of light work which "requires a good deal of walking or standing."  Though the ALJ has discounted Battiste's testimony, he specifically found that she could do her past work as she described it.

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence.  Therefore, it is **ORDERED** that the action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of evidence regarding Plaintiff's ability to do her past work.  Judgment will be entered by separate Order.

DONE this 21st day of June, 2007.

    s/BERT W. MILLING, JR.
    UNITED STATES MAGISTRATE JUDGE