IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARY F. BATTISTE,                    :
                                     :
      Plaintiff,                     :
                                     :
vs.                                  :    CIVIL ACTION 06-0800-M
                                     :
MICHAEL J. ASTRUE,                   :
Commissioner of                      :
Social Security,                     :
                                     :
      Defendant.                     :


<u>MEMORANDUM OPINION AND ORDER</u>


        Pending before the Court is Plaintiff's Application for
Attorney Fees Under the Equal Access to Justice Act with
supporting time sheet (Doc. 22), Defendant's Objection to
Plaintiff's Application for Attorney Fees Under the Equal Access
to Justice Act (Doc. 23), and Plaintiff's Response to Defendant's
Objection to Plaintiff's Application for Attorney Fees Under the
Equal Access to Justice Act (Doc. 24).  After consideration of
the pertinent pleadings, it is **ORDERED** that the motion be **GRANTED**
and that Plaintiff's counsel be **AWARDED** an Equal Access to
Justice Act (hereinafter EAJA) attorney's fee in the amount of
$2,369.87.

        Plaintiff filed this action on November 22, 2006 (Doc. 1).
After the issues in dispute had been briefed, the Court, by Order
dated May 16, 2007, set this action for oral argument on June 18,
2007 (Doc. 15).  On June 8, 2007, the parties filed a Joint

Motion to Waive Oral Argument (Doc. 16), which was granted by endorsed Order that same date (Doc. 18).  The parties also filed on June 8, 2007, a Consent to the Exercise of Jurisdiction by a United States Magistrate Judge (Doc. 17) and, by Order dated June 13, 2007, Judge DuBose referred this action to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. 636(c) and Fed.R.Civ.P. 73 (Doc. 19).

Based on the record before the Court, the undersigned Judge, on June 21, 2007, entered a Memorandum Opinion and Order and Judgment in favor of Plaintiff, reversing the decision of the ALJ and remanding this action for further administrative proceedings consistent with that Opinion (Docs. 20, 21).

On September 17, 2007, Byron A. Lassiter, counsel for Plaintiff, filed an Application for Attorney Fees Under the Equal Access to Justice Act with supporting time sheet, in which Plaintiff asserts that Defendant's position was not substantially justified and requests a fee of $2,369.87, computed at an hourly rate of $162.32 for 14.6 hours spent in this Court (Doc. 22).

Defendant, in his Objection filed September 25, 2007 (Doc. 23), contends that the Court should find that the Commissioner's position was substantially justified and requests that Plaintiff's claim for EAJA attorney's fees be denied (Doc. 23). Defendant does not object to the hours or hourly rate requested.

2

In Plaintiff's Response to Defendant's Objection (Doc. 24),
Plaintiff asserts again his position that both the ALJ and the
Commissioner failed to meet the burden imposed upon them.

> The EAJA requires a court to
>
> award to a prevailing party ... fees and
> other expenses ... incurred by that party in
> any civil action ..., including proceedings
> for judicial review of Agency action, brought
> by or against the United States ..., unless
> the court finds that the position of the
> United States was substantially justified or
> that special circumstances make an award
> unjust.

28 U.S.C. § 2412(d)(1)(A).  The EAJA further requires that a
prevailing party file an application for attorney's fees within
thirty days of final judgment in the action.  28 U.S.C. §
2412(d)(1)(B).  The court's judgment is final sixty days after it
is entered, which is the time in which an appeal may be taken
pursuant to Rule 4(a) of the Federal Rules of Appellate
Procedure.  See Shalala v. Schaefer, 509 U.S. 292, 113 S.Ct.
2625, 2632 (1993).

As set out above, there are three statutory conditions which
must be satisfied before EAJA fees may be awarded under 28 U.S.C.
§ 2412.  *See Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir.
1990).  First, the claimant must file an application for fees
within the thirty-day period.  Second, the claimant must be a
prevailing party.  Third, the Government's position must not be
substantially justified.  Defendant concedes that Plaintiff meets

the first two conditions but asserts the Government's position
was substantially justified.

    With regard to this last condition, in order for Plaintiff
to recover attorney's fees under the EAJA, the Government must
fail to "establish that its positions were 'substantially
justified' or that there exist 'special circumstances' which
countenance against the awarding of fees." *Myers*, 916 F.2d at
666 (interpreting and referring to 28 U.S.C. § 2412(d)(1)(A)).
That means that the Government must show that there was a
"reasonable basis both in law and fact" for the positions it
took. *Myers*, 916 F.2d at 666 (citations omitted). The Court
notes that "[a]n examination of whether the government's position
was substantially justified encompasses an evaluation of both the
agency's prelitigation conduct and the subsequent litigation
positions of the Justice Department .... Unless the government
can establish that all of its positions were substantially
justified, the claimant is entitled to receive attorney's fees."
*Myers*, 916 F.2d at 666 n.5 (emphasis in original; citations
omitted). Though Defendant bears the burden of showing that its
position was substantially justified, "[t]he fact that the
government lost its case does not raise a presumption that the
government's position was not substantially justified." *Ashburn
v. United States*, 740 F.2d 843, 850 (11th Cir. 1984).

    In the Memorandum Opinion and Order dated June 21, 2007

(Doc. 20), the Court found as follows:

A consultative examination was performed by Dr. Howard Rubenstein, a family practitioner, on April 10, 2004 (Tr. 195-98, 252).  The doctor determined the various ranges of motion for Battiste's cervical and lumbar spine, hips, knees, ankles, shoulders, elbows, wrists, and fingers and thumbs and noted full motor strength (Tr. 197).[1] Rubenstein's diagnosis was "[l]ow back pain, chronic, with degenerative disk syndrome and chronic strain" (Tr. 198).  The doctor went on to state that Plaintiff "could be expected to stand for up to 30 minutes at a time and ambulate up to two city blocks at a time during an eight-hour workday.  She could be expected to sit for a full eight-hour workday with frequent stretching and repositioning needed;" he also stated that "[s]he could be expected to lift up to 15 pounds frequently and up to 20 pounds occasionally"[2] (Tr. 198).

The only other residual functional capacity (hereinafter *RFC*) evaluation was completed by a non-examining disability specialist (Tr. 217-24).  The specialist indicated that Plaintiff could occasionally lift 20 pounds, frequently lift ten pounds, and stand at least 2 hours during an eight-hour day workday.

The ALJ found that Plaintiff could perform light work activity and could perform her past relevant work as a warranty administrator as she had described it (Tr. 45).  Plaintiff described her past work as a warranty administrator as requiring that she

---

[1]The Court sees no need to set out all of the range of motion measurements herein.

[2]Dr. Rubenstein actually stated that Battiste "could be expected to lift up to 20 pounds frequently and up to 15 pounds occasionally" (Tr. 198).  However, because these numbers are internally inconsistent, the Court presumes that the doctor reversed the numbers in error.

5

walk 2.5 hours, stand 2 hours, and sit 4.5 hours per day (Tr. 100).

The Court finds that the ALJ's opinion is not supported by substantial evidence. First, the ALJ seems to rely on the opinion of the disability specialist in determining Battiste's RFC.[3]  While the RFC completed by the disability specialist may be the most thorough evaluation in the file, the Court notes that the opinion of a nonexamining physician[4] "is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision." *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990) (citing *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985).

Second, Dr. Rubenstein's opinion of Plaintiff's abilities, though incomplete, does not indicate that she can return to her past work.  Specifically, his opinion that she can walk for two blocks and stand for thirty minutes at a time is inconsistent with her statement that her job required her to walk for 2.5 hours and stand for two hours during an eight-hour day.  Rubenstein's opinion also calls into doubt Plaintiff's ability to meet the requirements of light work which "requires a good deal of walking or standing."  Though the ALJ has discounted Battiste's testimony, he specifically found that she could do her past work as she described it.

(Doc. 20, pp.4-6).

Defendant in his Objection (Doc. 23) states that there was a

[3]The Court is well aware that the ALJ is responsible for determining a claimant's residual functional capacity under 20 C.F.R. § 404.1546 (2006).  However, the Court is responsible for making sure that the ALJ's opinion is supported by substantial evidence.

[4]The Court notes that this opinion was not even rendered by a physician (*see* Tr. 224).

6

reasonable basis in law and fact for the Commissioner's position that Plaintiff had the residual functional capacity (RFC) to perform light work.  Defendant contends that Plaintiff was not disabled by her functional limitations related to her back impairment and that the ALJ adequately contemplated that in the residual functional capacity he found Plaintiff retained. Defendant claims the ALJ's decision was supported by a lack of objective medical findings and that the underlying medical findings of record supported the ALJ's RFC assessment.  The ALJ did not find Plaintiff's testimony wholly credible.

In Plaintiff's Response to Defendant's Objection (Doc. 24), Plaintiff submits that the Commissioner erred in finding that Plaintiff can perform light work and, thus, can perform her past relevant work as a warranty administrator.  With regard to Defendant's contention that neither Dr. Setzler nor Dr. Revels placed any restrictions on the length of time that Plaintiff could sit, stand, or walk, Plaintiff asserts that, in fact, neither doctor stated that Plaintiff does not have any such restrictions.  They simply did not submit an opinion as to her ability, or lack thereof, to sit, stand, or walk on a sustained basis.  Plaintiff further states that Dr. Rubenstein's findings regarding her ability to "stand for up to 30 minutes at a time and ambulate up to two city blocks at a time" does not equate to the ability to engage in standing or walking for six (6) hours in

the course of an eight (8) hour work day, as required by "light" work.

Plaintiff points out that the other RFC assessment of record was completed by a non-treating, non-examining, non-medical State Agency disability specialist, whose opinion "is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision." *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990) (citing *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985).

As set out above, in the Memorandum Opinion and Order and Judgment, the Court finds that, based upon a review of the entire record, the ALJ's decision is not supported by substantial evidence because the Commissioner failed to properly assess Plaintiff's residual functional capacity to engage in work-related tasks on a sustained basis.   Therefore, the Government's position was not substantially justified (Docs. 20, 21).

Having found that the three prerequisites have been satisfied, the Court will now discuss the fee to be awarded in this action.  The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute.  The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"  *Watford v. Heckler*, 765 F.2d 1562, 1586 (11th Cir. 1985)(EAJA), quoting *Hensley v.*

*Eckerhartt*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983)(§

1988).  In describing this lodestar method of calculation, the

United States Supreme Court stated:

> This calculation provides an objective basis
> on which to make an initial estimate of the
> value of a lawyer's services.  The party
> seeking an award of fees should submit
> evidence supporting the hours worked and the
> rates claimed.  Where the documentation of
> hours is inadequate, the district court may
> reduce the award accordingly.  The district
> court also should exclude from this initial
> fee calculation hours that were not
> "reasonably expended" ....  Cases may be
> overstaffed, and the skill and experience of
> lawyers vary widely.  Counsel for the
> prevailing party should make a good-faith
> effort to exclude from a fee request hours
> that are excessive, redundant, or otherwise
> unnecessary, just as a lawyer in private
> practice ethically is obligated to exclude
> such hours from his fee submission.  In the
> private sector, 'billing judgment' is an
> important component in fee setting.  It is no
> less important here.  Hours that are not
> properly billed to one's client also are not
> properly billed to one's adversary pursuant
> to statutory authority.

*Hensley*, 461 U.S. at 434 (citations omitted).  Counsel must use

professional judgment in billing under EAJA.  A lawyer should

only be compensated for hours spent on activities for which he

would bill a client of means who was seriously intent on

vindicating similar rights.  *Norman v. Housing Authority*, 836

F.2d 1292, 1301 (11th Cir. 1988).

The Court, after examination of Plaintiff's Application and

supporting documentation, and after consideration of the

reasonableness of the hours claimed, finds that Plaintiff's time expended in prosecuting this action for a total of 14.6 hours is reasonable.

With respect to a determination of the hourly rate to apply in a given EAJA case, the express language of the Act provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(Supp. 1997).

In *Meyer v. Sullivan*, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

> The first step in the analysis, ... is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." ...  The second step, which is needed only if the market rate is greater than $75 per hour, is to determine whether the court should adjust the hourly fee upward...to take into account an increase in the cost of living, or a special factor.

<u>Id</u>. at 1033-34 (citations omitted & footnote omitted)[5].  The
applicant bears the burden of producing satisfactory evidence
that the requested rate is in line with prevailing market rates.
*NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987).
Satisfactory evidence at a minimum is more than the affidavit of
the attorney performing the work.  *Blum v. Stenson*, 465 U.S. 886,
104 S.Ct. 1541, 1547 n.11 (1984).  Where the fees or time claimed
seem expanded or there is lack of documentation or testimony in
support, the court may make an award on its own experience.
*Norman v. City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.
1988).  Where documentation is inadequate, the court is not
relieved of its obligation to award a reasonable fee, but the
court traditionally has had the power to make such an award
without the need of further pleadings or an evidentiary hearing.
<u>Id</u>.

     For years, the prevailing market rate in the Southern
District of Alabama has been $125.00 per hour.  *See e.g., Smith
v. Massanari*, Civil Action 00-0812-P-M (October 25, 2001); *Boone
v. Apfel*, Civil Action 99-0965-CB-L (August 30, 2001); *Lee v.
Massanari*, Civil Action 00-0518-RV-S (June 29, 2001); *Willits v.
Massanari*, Civil Action 00-0530-RV-C (May 4, 2001); and *Square v.
Halter*, Civil Action 00-0516-BH-L (April 12, 2001).  Recently, in

---

[5] Subsequent to *Meyer*, the cap was raised from $75.00 per hour to
$125.00 per hour, as set out above in 28 U.S.C. § 2412(d)(2)(A)(Supp.
1997).

an action before Judge Cassady, that rate was increased to account for the ever-increasing cost of living. *Lucy v. Barnhart*, CA 06-0147-C. In *Lucy*, the Court adopted the following formula to be used in calculating all future awards of attorney's fees under the EAJA: "'($125/hour) x (CPI-U Annual Average "All Items Index", South Urban, for month and year of temporal midpoint[6])/152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted.'" (<u>Id</u>. At 11, quoting Doc. 31, at 2). The undersigned agrees with Judge Cassady that the time has come to adjust the hourly rate and also adopts this formula in arriving at the appropriate hourly rate.

The temporal midpoint in this action was March 7, 2007, the complaint having been filed on November 22, 2006 (Doc. 1), and the Court having entered its Order and Judgment on June 21, 2007 (Docs. 20, 21). The CPI-U for March 2007 was 197.904. Plugging the relevant numbers into the foregoing formula renders the following equation: $125.00 x 197.904/152.4. Completion of this equation renders an hourly rate of $162.32.

In conclusion, it is **ORDERED** that Plaintiff's Application be **GRANTED** as set out above and that Plaintiff's attorney be **AWARDED**

---

[6]"The appropriate endpoint for computing the cost of living adjustment is the temporal midpoint of the period during which the compensable services were rendered[;] ... [t]he temporal midpoint is calculated by computing the number of days from the date the claim was prepared until the date of the Magistrate or District Judge's Order and Judgment." <u>Lucy v. Barnhart</u>, CA 06-0147-C, Doc. 31, at 3.

an EAJA attorney's fee in the amount of $2,369.87.

DONE this 12th day of October, 2007.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE