```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION

MARY F. BATTISTE,                 :
                                  :
     Plaintiff,                   :
                                  :
vs.                               :    CIVIL ACTION 06-0800-M
                                  :
MICHAEL J. ASTRUE,                :
Commissioner of                   :
Social Security,                  :
                                  :
     Defendant.                   :
```

MEMORANDUM OPINION AND ORDER

This action is before the Court on Plaintiff's attorney's Petition for Authorization of Attorney Fees pursuant to 42 U.S.C. § 406(b) (Doc. 27) and Defendant's Response to Plaintiff's Petition for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b), in which he notifies the Court that he does not oppose the Petition (Doc. 28). After consideration of all pertinent materials in the file, it is **ORDERED,** without objection by the Government, that Plaintiff's attorney's Petition for Authorization of Attorney Fees be **GRANTED** and that Plaintiff's attorney, Byron A. Lassiter, be **AWARDED** a fee of $4,912.00 for his services before this Court and that Mr. Lassiter pay to Plaintiff the sum of $2,369.87, which sum represents the fee previously awarded pursuant to the Equal Access to Justice Act (EAJA).

Plaintiff hired Mr. Lassiter on May 11, 2004, to pursue her claims for a period of disability, Disability Insurance Benefits, and Supplemental Security Income benefits after her claims were

denied initially and at the hearing level.  At that time, it was agreed that Mr. Lassiter would receive twenty-five percent of past-due benefits paid to Plaintiff.  A written contingent fee agreement was executed by Plaintiff on November 20, 2006 (Doc. 27, Ex. C).

For the past approximately 4 years and 8 months, counsel has prosecuted Plaintiff's claims before both the Social Security Administration (SSA) and this Court.  Plaintiff filed an application for a period of disability, Disability Insurance Benefits, and Supplemental Security Income, which application was denied initially on May 3, 2004, and at the hearing level on December 29, 2005.  Counsel for Plaintiff timely requested review of the ALJ's decision by the Appeals Council, which request was denied on February 24, 2006.  On behalf of Plaintiff, counsel commenced a civil action in this Court on November 22, 2006 (Doc. 1).

On June 8, 2007, the parties filed a Consent to the Exercise of Jurisdiction by a United States Magistrate Judge (Doc. 17) and, by Order dated June 13, 2007 (Doc. 19), Judge DuBose referred this action to the undersigned to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73.

On June 21, 2007, the undersigned Judge entered a Memorandum Opinion and Order and Judgment in which the decision of the ALJ

was reversed and this action remanded for further administrative proceedings not inconsistent with the Orders of this Court (Docs. 20, 21).  Upon remand, a different ALJ rendered a fully favorable decision on June 24, 2008, finding Plaintiff disabled since November 5, 2003, her alleged onset date, and entitled to benefits under Titles II and XVI of the Social Security Act[1].

Counsel for Plaintiff received a Notice of Award dated September 9, 2008, stating that the amount of $10,212.00, representing twenty-five percent of Plaintiff's past-due benefits, was withheld for payment of authorized attorney fees (Doc. 27, Ex. B).  Mr. Lassiter has received $5,300.00 in administrative attorney fees and, in the instant Petition, he requests a fee in the amount of $4,912.00 for his services before this Court.  When added together, these sums equal twenty-five percent of Plaintiff's past-due benefits, which is consistent with the agreement between Mr. Lassiter and Plaintiff.

On September October 27, 2008, Mr. Lassiter filed the pending Petition for Authorization of Attorney Fees for services before this Court, requesting approval of a fee in the amount of $4,912.00 (Doc. 27).  Mr. Lassiter spent a total of 14.6 hours before this Court and has represented Plaintiff before this Court since 2006, when the complaint for judicial review was filed,

---

[1]The Social Security Administration subsequently issued a Notice of Disapproved Claim on August 27, 2008, concerning the Title XVI claim due to excess resources.

without compensation for his time spent before this Court. Defendant has no objection to the requested fee (Doc. 28).

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that when a court renders a favorable judgment to a Social Security claimant "[w]ho was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).[2] The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." Ibid. Section 406(b) thus "provides for contingent fees to be charged *to the client*, with the amount to be set by the district court subject to a statutory maximum." Watford v. Heckler, 765 F.2d 1562, 1566 (11th Cir. 1985)(citations omitted)(emphasis in original); see Meyer v. Sullivan, 958 F.2d 1029, 1035 n.12 (11th

---

[2] "When a claimant receives a favorable administrative decision following a remand of a case by the district court to the secretary, the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)." Rohrich v. Bowen, 796 F.2d 1030, 1031 (8th Cir. 1986) (citations omitted).

4

Cir. 1992) (the total amount of attorney's fees that may be awarded under the Act is limited to twenty-five percent of the past-due benefits awarded).

Eleventh Circuit precedent, see Kay v. Apfel, 176 F.3d 1322 (11th Cir. 1999), abrogated by Gisbrecht v. Barnhart, 535 U.S. 789, 122 S.Ct. 1817(2002)(decided May 28, 2002), previously required the "lodestar" method, under which the number of hours reasonably devoted to the action was multiplied by a reasonable hourly fee, to be the starting point and centerpiece for the courts in calculating reasonable § 406(b) fees.  The existence of a contingent-fee agreement was just one of a number of different factors to be considered in adjusting the lodestar amount upward or downward.  Id. at 1327.

The Supreme Court in Gisbrecht, in resolving the division among the circuits on the appropriate method of calculating fees under § 406(b), concluded that Congress designed § 406(b) to control, not to displace, fee agreements between Social Security benefit claimants and their counsel, Id. at 1817, and that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases". Id. at 1828.  Congress has provided one boundary line:  Agreements

are unenforceable to the extent that they provide for fees exceeding twenty-five percent of the past-due benefits.  Within the twenty-five percent boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.  Id. at 1828.

The fees provided for in 42 U.S.C. § 406(b) are in addition to those provided in § 406(a), which states that the Commissioner may award attorney's fees, to a successful claimant's attorney for work performed before the Social Security Administration.  Fees awarded pursuant to § 406(a) and § 406(b) are awarded in addition to any attorney's fees a claimant's attorney may receive pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(EAJA), if the Commissioner's position before the Court was not "substantially justified."  Gisbrecht, 122 S.Ct. at 1822.

In order to avoid a double recovery of attorney's fees, a claimant's attorney who is awarded attorney's fees under § 406(b) and the EAJA must refund the lesser amount to his or her client. Id. at 1822.  By Memorandum Opinion and Order and Judgment entered June 21, 2007 (Docs. 20, 21), the Commissioner was ordered to pay counsel for Plaintiff the amount of $2,369.87 in fees pursuant to EAJA.  In the instant petition, Mr. Lassiter requests the Court to include in its order a provision that he pay to Plaintiff the sum of $2,369.87, which sum represents the fee awarded under EAJA and which is currently held in trust for Plaintiff's benefit.  An

6

attorney's fee awarded under 42 U.S.C. § 406(b) is subject to a dollar-for-dollar offset by the previous attorney's fees awarded under EAJA, which in this instance is $2,369.87.

The Supreme Court in Gisbrecht did not set out the specific factors that the district courts are to consider when reviewing fees yielded by a contingent-fee agreement but it did cite with approval the opinions of courts in several circuits that give effect to the contingent-fee agreements, if the resulting fee is reasonable.

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. See, e.g., McGuire V. Sullivan, 873 F.2d 974, 983 (C.A.7 1989) ("Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms."); Lewis v. Secretary of Health and Human Servs., 707 F.2d 246, 249-250 (C.A.6 1983)(instructing reduced fee when representation is substandard). If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. See Rodriguez v. Bowen, 865 F.2d 739, 746-747 (C.A.6 1989). If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. See id., at 747 (reviewing court should disallow "windfalls for lawyers"); Wells v. Sullivan, 907 F.2d 367, 372 (C.A.2 1990)(same). In this regard, the court may require the claimant's attorney to submit,

> not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.  See Rodriquez, 865 F.2d at 741.  Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review.

122 S.Ct. at 1828-1829.

A contingent-fee arrangement is unreasonable where the contingency percentage is over the twenty-five percent cap, where there is evidence of fraud or overreaching in making the agreement, or where the requested amount is so large as to be a windfall to the attorney.  Wells, 907 F.2d at 372.  A district court, upon finding the contingent-fee agreement provides for an unreasonable fee, may reduce the fee provided it states reasons for and the amount of the reduction.  Id. at 372.

Therefore, it appears that the Supreme Court intends the district courts to give great deference to the contingent-fee agreements and to uphold them if the fees produced by them are reasonable.  Factors that may be considered in reviewing for reasonableness are (1) the character of representation; (2) the result achieved by the attorney; (3) any delay caused by the attorney; (4) the amount of benefits relative to the time spent on the action such that the attorney receives a windfall; (5)

fraud or overreaching in making the agreement and (6) the requested fee does not exceed twenty-five percent of past-due benefits.

After reviewing the fee petition and the file, including Defendant's response, in light of the guidance provided by Gisbrecht and the opinions cited above, the Court finds that Mr. Lassiter has diligently represented Plaintiff since 2006 in this Court and has been successful in obtaining past-due benefits for Plaintiff. There is no evidence that Mr. Lassiter contributed to any undue delay in this action, either before the Commissioner or before this Court, nor evidence of any fraud or overreaching in procuring or making the contingent-fee agreement. Plaintiff has signed a fee agreement, in which she agrees to the fee being requested by Mr. Lassiter. The total fee requested does not exceed twenty-five percent of past-due benefits and comports with Plaintiff's contingent-fee agreement with her attorney. The requested fee is not so large as to be a windfall or unreasonable. The Court finds that the requested fee of $4,912.00 is reasonable for the services rendered before this Court and does not exceed twenty-five percent of Plaintiff's past-due benefits.

Therefore, it is **ORDERED**, without objection from Defendant, that Plaintiff's attorney's Petition for Authorization of Attorney Fees be and is hereby **GRANTED** and that Plaintiff's

attorney be and is hereby **AWARDED** a fee in the amount of $4,912.00 for his services before this Court.  It is **FURTHER ORDERED** that Mr. Lassiter pay to Plaintiff the sum of $2,369.87, which sum represents the EAJA fee previously awarded.

DONE this 8th day of January, 2009.

s/BERT W. MILLING, JR.<br>UNITED STATES MAGISTRATE JUDGE